UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-24208-JB

ARTIE SCOTT,

     Plaintiff,

v.

OFFICER LEON,

     Defendant.

_____/

## ORDER TRANSFERRING CASE

**THIS CAUSE** is before the Court on the *pro se* civil complaint ("Complaint"), ECF No. [1], brought pursuant to 42 U.S.C. § 1983, by Plaintiff Artie Scott ("Plaintiff"), alleging constitutional violations while confined at the Moore Haven Correctional Facility (the "MH Facility"), located in Moore Haven, Florida. *Id.* at 1–2. Careful review of Plaintiff's Complaint shows that Plaintiff has filed this case in an improper venue. Title 28 U.S.C. § 1391(b) provides:

A civil action may be brought in--

(1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Liberally construed, Plaintiff's allegations establish that the events or omissions giving rise to the alleged damages occurred while confined at the MH Facility located in Moore Haven, Glades County, Florida, outside this judicial district. *See* 28 U.S.C. § 89(b) ("The Middle District [of Florida] comprises the counties of . . . Glades. . ..").  Under 28 U.S.C. § 1406(a), this Court must either dismiss the case or, if it is in the interest of justice, may transfer the case to the proper district court.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

In *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465-67 (1962), the Supreme Court reasoned that the language of § 1406(a) was "amply broad" in allowing transfer to aid in "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits."  *Goldlawr*, 369 U.S. at 465–67; *see generally Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 (1972) (observing generally that "venue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum").  There, the Supreme Court explained that Congress enacted

§ 1406(a) to "avoid[] the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466.

Thus, after review of Plaintiff's Complaint, the record, and relevant authorities, the Court finds that transfer of this action to the proper district—the Middle District of Florida—rather than dismissal, is appropriate since Plaintiff is proceeding *pro se*; and the claim arises from events that took place while confined at the MH Facility, which is located in Glades County, Florida.  Accordingly, it is

**ORDERED AND ADJUDGED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Middle District of Florida and then **CLOSE THIS CASE** in this district.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of June, 2026.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Artie Scott,** *Pro Se*
DC#B08461
Moore Haven Correctional Facility
Inmate Mail/Parcels
Post Office Box 719001
Moore Haven, FL  33471